# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERRY JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4929** |
| **JAMES LEBLANC** | **SECTION "G"(2)** |

### ORDER AND REASONS

Before the Court are Petitioner Perry Jackson's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 18.

[2] Rec. Docs. 1, 8.

[3] Rec. Doc. 17.

[4] Rec. Doc. 18.

## I. Background

*A. Factual Background*

On September 24, 2015, Petitioner was charged by Bill of Information in the Orleans Parish Criminal Court with one count of failure to register as a sex offender.[5] On October 28, 2015, Petitioner pleaded guilty as charged.[6] The same day, Petitioner also pleaded guilty to a multiple offender bill of information charging him as a second felony offender, and the state trial court sentenced Petitioner to five years imprisonment at hard labor.[7] Petitioner did not appeal his conviction or sentence.

On March 28, 2016, Petitioner filed an application for post-conviction relief with the state trial court.[8] The trial court denied the application on July 6, 2016.[9] The Louisiana Fourth Circuit denied Petitioner's related writ application on October 14, 2016,[10] and the Louisiana Supreme Court also denied relief on April 27, 2018.[11]

On May 11, 2018, Petitioner filed the instant federal habeas petition.[12] In the petition, Petitioner contends that he received ineffective assistance when his counsel: (1) failed to conduct adequate discovery and investigation into the prior conviction and the validity of any registration requirement imposed upon him or for which he was being prosecuted; (2) failed to inform him

---

[5] State Rec., Vol. I of II, Bill of Information, Sept. 24, 2015.

[6] State Rec., Vol. I of II, Plea Minutes, Oct. 28, 2015.

[7] *Id.*

[8] State Rec., Vol. I of II, Application for Post-Conviction Relief, Mar. 28, 2015.

[9] State Rec., Vol. I of II, Order Denying Application for Post-Conviction Relief, Jul. 6, 2016.

[10] *State v. Jackson*, 16-K-832 (La. App. 4 Cir. 10/14/16); State Rec. Vol. II of II.

[11] *State ex rel Jackson v. State*, 16-KH-2037 (La. 4/27/18); 242 So. 3d 560.

[12] Rec. Docs. 1, 8.

who was accusing him of being a danger to the community; (3) failed to inform him of the details of the right to jury trial before advising him to plead guilty; (4) failed to provide him with a copy of or review with him the multiple bill before advising him to plead guilty; (5) allegedly committed perjury by signing the waiver of rights forms indicating that she fully advised Petitioner of his rights before he pleaded guilty to the charge and the multiple bill; and (6) allegedly told Petitioner that if he complained about her representation she would assure that the plea deal was revoked.[13] Petitioner also claims that the state courts failed to recognize that his multiple offender adjudication was unconstitutional, because the state trial court failed to advise him of the allegations and evidence against him before accepting the plea of guilty to the multiple offender bill of information.[14] On October 29, 2018, the State filed a response, arguing that Petitioner's claims should be dismissed on the merits.[15] On November 13, 2018, Petitioner filed a reply to the State's response.[16]

### B.   *Report and Recommendation Findings*

The Magistrate Judge recommended that this Court dismiss the petition with prejudice.[17] First, the Magistrate Judge addressed Petitioner's ineffective assistance of counsel claims.[18] The Magistrate Judge found that Petitioner was not entitled to relief on his claim that his counsel failed to conduct adequate discovery and investigation into the prior conviction and the validity of any

---

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 15.

[16] Rec. Doc. 16.

[17] Rec. Doc. 17.

[18] *Id.* at 11–27.

3

registration requirement imposed.[19] The Magistrate Judge noted that Petitioner was convicted of forcible rape in 1994, and Louisiana's sex offender registration and notice requirements applied to his conviction.[20] Furthermore, the Magistrate Judge determined that Petitioner had not established that his counsel would have discovered by further investigation any reason to have challenged the bill of information on the grounds that he was not required to register or that his time period for registering had elapsed before 2015.[21] Additionally, the Magistrate Judge noted that the Fifth Circuit has held that amendments to these laws do not violate due process, equal protection, or raise ex post facto considerations.[22] Similarly, the Magistrate Judge noted that sex offender registration laws are not "bills of attainer" as argued by Petitioner.[23] Therefore, the Magistrate Judge found that Petitioner had not established that any further investigation was necessary or would have resulted in a basis to quash the charges.[24]

The Magistrate Judge found no merit to Petitioner's claim that his trial counsel was ineffective for failing to enquire as to who accused him of being a danger to the community such that he was required to register as a sex offender.[25] The Magistrate Judge noted that Louisiana sex offender registration laws do not require a specific finding that a sex offender is a danger to the community.[26] Furthermore, the Magistrate Judge noted that Petitioner's counsel did file a motion

---

[19] *Id.* at 15–20.

[20] *Id.* at 16.

[21] *Id.* at 18.

[22] *Id.* at 18–19 (citing *Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872 (5th Cir. 2001)).

[23] *Id.* at 19.

[24] *Id.* at 20.

[25] *Id.* at 20–23.

[26] *Id.* at 21.

4

for discovery, and the State provided counsel with police reports, meaning that the defense was aware of the names of the officers who would have been potential witnesses.[27] Additionally, the Magistrate Judge found Petitioner's self-serving and conclusory argument that he would not have pleaded guilty if he knew who the officers were "fall[s] far short of satisfying *Strickland's* prejudice element."[28]

Next, the Magistrate Judge addressed Petitioner's argument that his counsel was ineffective because she failed to inform Petitioner of the details included in his right to a jury trial.[29] The Magistrate Judge found that Petitioner had not identified a legal requirement that his attorney explain the details of the rights he was waiving, as long as he was on general notice of those rights.[30] Furthermore, the Magistrate Judge noted that Petitioner did not question or seek explanation of any of the rights he was waiving during the plea colloquy, despite being given the opportunity to do so.[31]

The Magistrate Judge found no merit to Petitioner's claims that his counsel was ineffective because she failed to provide him with a copy of the multiple offender bill of information or review it with him before advising him to plead guilty; committed perjury when she signed the plea forms indicating that she fully explained Petitioner's rights to him; and threatened to have the plea deal revoked when Petitioner insisted on receiving more information about the charges.[32] The

---

[27] *Id.* at 22.

[28] *Id.* at 23 (citing *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001)).

[29] *Id.* at 23–25.

[30] *Id.* at 24.

[31] *Id.* at 25 (citing State Rec., Vol. II of II, Plea Transcript (Oct. 28, 2015)).

[32] *Id.* at 25–27.

Magistrate Judge found that these claims were contradicted by the record.[33] Specifically, Petitioner signed a waiver of rights form stating that the multiple offender bill of information was provided to him, and he confirmed under oath that he had personally signed the form.[34] Furthermore, the Magistrate Judge noted that Petitioner confirmed in court that he was satisfied with the advice he received from counsel.[35] For these reasons, the Magistrate Judge determined that Petitioner had not established that the state courts' denial of relief on his ineffective assistance of counsel claims was contrary to or an unreasonable application of federal law.[36]

The Magistrate Judge also found that Petitioner was not entitled to relief on his claim that his guilty plea was unconstitutional because the state trial court failed to advise him of the evidence and facts against him before accepting the guilty plea to the multiple offender bill of information.[37] To the extent Petitioner argued that the trial court failed to comply with state law, the Magistrate Judge found such a claim was not cognizable on federal habeas review.[38] Furthermore, the Magistrate Judge noted that "[t]he Fifth Circuit has recognized that a state court has no federal constitutional duty to establish a factual basis for the guilty plea to a multiple offender bill because the state judge is not determining guilt or innocence, and instead is enhancing a sentence based on a prior conviction which the defendant deems true by admitting to the bill."[39] Additionally, the Magistrate Judge noted that the transcript of the multiple offender plea proceedings establish that

---

[33] *Id.* at 26.

[34] *Id.* at 26 (citing State Rec., Vol. I of II, Waiver of Plea Rights (Oct. 28, 2015)).

[35] *Id.* at 27 (citing State Rec., Vol. II of II, Plea Transcript (Oct. 28, 2015)).

[36] *Id.*

[37] *Id.* at 28–31.

[38] *Id.* at 28.

[39] *Id.* at 29 (citing *Payne v. Whitley*, 48 F.3d 529, 1995 WL 84049, at *2 (5th Cir. Feb. 6, 1995)).

6

the state court outlined each of the rights and consequences of Petitioner's plea, and Petitioner expressed his clear understanding of the proceedings and consequences.[40] For these reasons, the Magistrate Judge determined that Petitioner had not established that the state courts' denial of relief on this claim was contrary to or an unreasonable application of federal law.[41]

## II. Objections

### A.    *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[42] Petitioner contends that the Magistrate Judge did not consider all the relevant facts and law that applying to his sex offender conviction.[43] According to Petitioner, when he was released from prison in 1996, the law in effect provided that he had to register as a sex offender for a period of 10 years, and he was not "subjected to renew registration and notification duties within that 10 year period."[44] Petitioner contends that if his trial counsel would have investigated this issue she could have filed a motion to quash the bill of information.[45] Petitioner asserts that the result of the proceedings would have been different if counsel had investigated this issue because there was no evidence to prove that Petitioner had been compelled to renew his registration.[46] Furthermore, Petitioner contends that he would not have pleaded guilty if his counsel had properly investigated this issue.[47]

---

[40] *Id.* at 31.

[41] *Id.*

[42] Rec. Doc. 18.

[43] *Id.* at 3.

[44] *Id.*

[45] *Id.* at 3–4.

[46] *Id.* at 4.

[47] *Id.*

7

Petitioner argues that the Magistrate Judge failed to acknowledge that at the time of Petitioner's release from prison in 1996, Louisiana Revised Statute § 15:554(A) provided that the duty to register expired 10 years from the date of the initial registration, provided that during the 10 year period the individual did not again become subject to the sex offender registration requirements.[48] Petitioner contends that the law in effect at the time of his original conviction is controlling.[49] Therefore, Petitioner argues that his duty to register as a sex offender ended ten years after his release on December 15, 2006, and any changes to the law were ex post facto.[50] Accordingly, Petitioner contends that his claim that his counsel failed to conduct adequate discovery and investigation into the validity of the registration requirements warrants an evidentiary hearing.[51]

### B.  *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

### A.  *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[52] The District Judge must

---

[48] *Id.* at 7.

[49] *Id.* at 8 (citing *State v. Hyde*, 2007-1314 (La. 11/21/07); 968 So. 2d 726; *State v. Sorell*, 1995-136 (La. App. 5 Cir. 5/10/95); 656 So. 2d 1045; *Massey v. La. Dept. of Public Safety & Corrections*, No. 2013-2789 (La. 10/15/14); 149 So. 3d 780).

[50] *Id.* at 8–9.

[51] *Id.* at 10, 12.

[52] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[53] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[54]

B.     *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[55] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[56] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[57]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct

---

[53] Fed. R. Civ. P. 72(b)(3).

[54] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[55] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[56] 28 U.S.C. § 2254(d)(2).

[57] 28 U.S.C. § 2254(d)(1).

9

governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[58]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[59] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[60]

## IV. Law and Analysis

### A. *Ineffective Assistance of Counsel Claim*

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his claim that his counsel failed to conduct adequate discovery and investigation into the validity of the registration requirements.[61] Petitioner argues that he was released from prison in 1996, and his duty to register as a sex offender ended ten years after his release.[62] Petitioner contends that any changes to the law were ex post facto.[63] Petitioner contends that if his trial counsel would have investigated this issue, she could have filed a motion to quash the bill of information.[64] Because Petitioner objects to the Magistrate Judge's recommendation, the Court reviews this issue *de novo*.[65]

---

[58] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[59] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[60] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[61] Rec. Doc. 18.

[62] *Id.* at 8.

[63] *Id.* at 8–9.

[64] *Id.* at 3–4.

[65] Fed. R. Civ. P. 72(b)(3).

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[66] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[67] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[68] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[69] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[70] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[71] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[72]

The Supreme Court has held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.[73] To satisfy the prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's errors,

---

[66] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[67] *Id.* at 697.

[68] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[69] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[70] *See Strickland*, 466 U.S. at 689.

[71] *Id*. at 694.

[72] *Id*.

[73] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

he would not have pleaded guilty and would have insisted on going to trial."[74]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable— a substantially higher threshold."[75] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[76] Thus, this standard is considered "doubly deferential" on habeas corpus review.[77]

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [proceedings]."[78] Petitioner asserts that the result of the proceedings would have been different if his counsel had investigated the sex offender registration requirements. Specifically, Petitioner argues that his counsel could have quashed the bill of information charging Petitioner with failure to register because Petitioner's duty to register as a sex offender had expired 10 years after his release from prison in 1996.[79]

Louisiana's sex offender registration laws were first enacted by in 1992, requiring that "[a]ny adult residing in this state who has plead guilty or has been convicted of any sex offense

---

[74] *Id.* at 59.

[75] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[76] *Id.*

[77] *Id.*

[78] *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011) (quoting *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

[79] *Id.*

shall register with the sheriff of the person's residence."[80] Petitioner was convicted of forcible rape in 1994, and he was initially released from prison and placed on parole on December 14, 1996.[81] However, on January 17, 1997, Petitioner was arrested in Jefferson Parish, and his parole was revoked.[82] He served 15 months in prison, and was released on parole again on April 18, 1998.[83] Petitioner was then arrested again on October 18, 1998, at which time he was charged with a parole violation and a new charge for possession of cocaine.[84] Petitioner was sentenced to a term of five years imprisonment on the possession of cocaine charge, to run concurrently to the sentence on the parole violation.[85] Petitioner completed the sentence on the parole violation on January 18, 2000,[86] but remained incarcerated for the possession of cocaine charge until 2002.[87]

In 1996, Louisiana law provided that an individual was required to "comply with the registration and notice provisions for a period of ten years after release from his confinement or imprisonment."[88] However, the sex offender registration requirements were amended by the Louisiana legislature in 2007 to require a sex offender to register for a period of 15 years after release from prison.[89] The amended provision further clarified that if an individual began the

---

[80] *State ex rel. Olivieri v. State*, 2000-JO-1767 (La. 2/21/01); 779 So. 2d 735, 738 (quoting La. Rev. Stat. § 15:542(A) (1992)).

[81] *Jackson v. Warden, Allen Correctional Center*, No. 2000-2542, Report and Recommendation Rec. Doc. No. 19, adopted Judgment, Rec. Doc. No. 23 (W.D. La. April 16, 2001).

[82] *Id.*

[83] *Id.*

[84] *Id.*

[85] *Id.*

[86] *Id.*

[87] *Jackson v. Andrews*, 31 F. App'x 833 (5th Cir. 2002).

[88] La. Rev. Stat. § 15:544(A) (1992).

[89] La. Rev. Stat. § 15:544(A) (2008).

period of registration but his parole was revoked, the period of registration would "begin anew on the day the offender is released from incarceration, with no credit for the period of time in which the offender complied with registration and notification requirements prior to his incarceration."[90] Contrary to Petitioner's arguments, both the Louisiana Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that because Louisiana's sex offender registration law is non-punitive in nature, retroactive application of the law does not violate the Constitution's proscription of ex post facto laws.[91]

The record does not support a conclusion that Petitioner was out of prison on the aggravated rape conviction or any subsequent felony conviction for a total of 15 years between 1994 and 2015, when he was charged with the instant failure to register offense. Petitioner's argument that he was not required to register or that his time-period for registering had elapsed before 2015 is unavailing. Therefore, Petitioner has not established that his counsel would have discovered by further investigation any reason to have challenged the bill of information. Accordingly, Petitioner has not shown that his counsel's performance was deficient or that his counsel's performance prejudiced the defense.

Petitioner does not object to the Magistrate Judge's findings that Petitioner is not entitled to relief on his claims that his trial counsel performed ineffectively by: (1) failing to inform him who was accusing him of being a danger to the community; (2) failing to inform him of the details

---

[90] La. Rev. Stat. § 15:544(D) (2008). *See also* La. Rev. Stat. § 15:544(D)(1) (2012) ("If an offender begins the period of registration and notification and is subsequently incarcerated for any reason other than a misdemeanor arrest or a misdemeanor conviction or for a felony arrest which does not result in a conviction, then the period of registration and notification shall begin anew on the day the offender is released from incarceration, with no credit for the period of time in which the offender complied with registration and notification requirements prior to his incarceration.") (version in effect at the time of Petitioner's 2015 conviction)).

[91] *State ex rel. Olivieri v. State*, 2000-172 (La. 2/21/01); 779 So. 2d 735; *Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872 (5th Cir. 2001); *Criddle v. Kirschenhunter v. Sheriff's Office, Beauregard Parish*, 165 F. App'x 362, 363 (5th Cir. Feb. 3, 2006), *cert. denied*, 549 U.S. 913 (2006)).

of the right to jury trial before advising him to plead guilty; (3) failing to provide him with a copy of or review with him the multiple bill before advising him to plead guilty; (4) allegedly committing perjury by signing the waiver of rights forms indicating that she fully advised Petitioner of his rights before he pleaded guilty to the charge and the multiple bill; and (5) allegedly telling Petitioner that if he complained about her representation she would assure that the plea deal was revoked. Reviewing these issues for plain error,[92] and finding none, the Court adopts the Magistrate Judge's recommendation that Petitioner is not entitled to relief on these claims. Therefore, for the reasons set forth in this Order and the Report and Recommendation adopted by this Court, the Court concludes that the state courts' denial of relief on Petitioner's ineffective assistance of trial counsel claims was not contrary to or an unreasonable application of Supreme Court law.

B. *Claim that the Guilty Plea was Unconstitutional Because the State Trial Court Failed to Advise Petitioner of the Evidence Against Him*

Petitioner does not object to the Magistrate Judge's determination that Petitioner is not entitled to relief on his claim that the trial court erred by allegedly failing to advise Petitioner of the evidence against him before accepting the guilty plea on the multiple offender bill of information. To the extent Petitioner argues that the trial court violated state law, this claim is not cognizable on federal habeas review.[93] Furthermore, Petitioner has not shown that the state trial court violated Petitioner's federal constitutional rights during the multiple offender proceedings. Accordingly, reviewing these issues for plain error,[94] and finding none, the Court adopts the Magistrate Judge's recommendation that Petitioner is not entitled to relief on this claim.

---

[92] Fed. R. Civ. P. 72(b)(3).

[93] *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1997).

[94] Fed. R. Civ. P. 72(b)(3).

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Additionally, Petitioner is not entitled to federal habeas relief on his claims that the state trial court erred in failing to advise Petitioner of the evidence against him before accepting the guilty plea on the multiple offender bill of information. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Perry Jackson's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __16th__ day of May, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**